UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

HOLLYWOOD BEACH HOTEL OWNERS
ASSOCIATION,
A Florida corporation,

    Plaintiff,

vs.                                      Civil Action No.: _____

CONTINENTAL CASUALTY COMPANY,
A Illinois corporation,

    Defendant.
_____/

### DEFENDANT, CONTINENTAL CASUALTY COMPANY'S
### NOTICE OF REMOVAL AND SUPPORTING MEMORANDUM OF LAW
### 28 U.S.C. §§ 1332, 1441, and 1446

COMES NOW Continental Casualty Company (hereinafter "CONTINENTAL"), by and through its undersigned attorneys, and hereby files this Notice of Removal of the above-described action to the United States District Court for the Southern District of Florida, Ft. Lauderdale Division, from the Circuit Court of the 17th Judicial Circuit, in and for Broward County, Florida, and states:

1.    On or about May 14, 2010, Plaintiff Hollywood Beach Hotel Owners Association commenced this litigation by filing suit against CONTINENTAL, in the Circuit Court of the 17th Judicial Circuit, in and for Broward County, Florida, bearing Civil Action No. 10-020800 ("State Action").

2.    This Notice of Removal is filed in the United States District Court for the Southern District of Florida, Fort Lauderdale Division, the court for the district and division which embraces the sate court where the removed State Action was pending,

and is filed within the time provided for the removal of actions to the United States District Court. *See* 28 U.S.C. § 1446(b). The Plaintiff's Complaint setting forth a claim for relief was served upon CONTINENTAL on June 17, 2010. The thirty (30) day removal period begins to run when the Defendant is formally served. *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S.C. 334, 119, S.Ct. 1322, 143 L.Ed. 2d 448 (1999). Defendant CONTINENTAL'S Notice of Removal is timely.

3. The controversy between Plaintiff and Defendant is a controversy between citizens of different states:

(a) On information and belief, Plaintiff Hollywood Beach Hotel Owners Association is a Florida corporation. It is described in its complaint as a Florida corporation. Complaint ¶ 2. It is registered in Florida as a non-profit corporation and is alleged to be a Florida citizen.

(b) Continental Casualty Company was at the time of commencement of the State Action, and at the time of filing of this Notice of Removal, a corporation organized and existing under the laws of the state of Illinois with its principal place of business in Chicago, Illinois. Defendant is not a citizen of the state of Florida for the purposes of 28 U.S.C. § 1332.

4. Based upon the allegations in the Complaint and the Exhibits attached thereto, the amount in controversy in this action exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs. *See* Complaint ¶¶ 11, 27. Pursuant to 28 U.S.C. §1332(a), the district court has jurisdiction in civil actions that exceed the sum or value of $75,000.00.

5. Therefore, this Court has diversity jurisdiction over this civil action pursuant to 28 U.S.C. § 1332 because plaintiff and defendant are citizens of different states and the amount in controversy exceeds Seventy-Five Thousand Dollars (§75,000.00) exclusive of interest and costs.

6. Based upon the foregoing, this action is removable to this Court pursuant to 28 U.S.C. § 1441.

7. No admission of fact, law or liability is intended by this Notice of Removal and all defenses, motions and pleadings are expressly reserved.

8. Pursuant to 28 U.S.C. § 1446(a), a copy of all process and pleadings filed in the State Action are attached hereto as Composite Exhibit "A."

9. CONTINENTAL will give written notice of the filing of this notice as required by U.S.C. § 1446(d). A copy of this Notice will be filed with the Clerk of the Circuit Court of the 17th Judicial Circuit in and For Broward County, Florida as provided by law.

WHEREFORE, Defendant Continental Casualty Company respectfully requests that the above-styled action, formerly pending against it in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida, be properly removed to this Court.

Respectfully submitted,

BY: s/ James G. Salerno, Esq.
James G. Salerno, Esquire
Florida Bar No. 221007
E-Mail: JSALERNO@FTL-LAW.COM
Peterson Bernard
707 S.E. 3rd Avenue, #500
Ft. Lauderdale, FL 33316
954-763-3200 telephone
954-728-9019 facsimile
Local counsel for Defendant

30374275.1

Case 0:10-cv-61162-JIC   Document 1   Entered on FLSD Docket 07/07/2010   Page 4 of 6

Heidi H. Raschke
Florida Bar No. 0061183
E-mail: hhraschke@rkmc.com
Robins, Kaplan, Miller & Ciresi L.L.P.
2600 One Atlanta Plaza
950 East Paces Ferry Road, N.E.
Atlanta, GA  30326
Telephone: (404) 760-4300
Fax: (404) 233-1267
Attorney for Defendant

30374275.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

HOLLYWOOD BEACH HOTEL OWNERS
ASSOCIATION,
A Florida corporation,

    Plaintiff,

vs.                                                              Civil Action No. _____

CONTINENTAL CASUALTY COMPANY,
A Illinois corporation,

    Defendant.
_____/

## CERTIFICATE OF SERVICE

    I hereby certify that on July 7th, 2010, I electronically filed the Notice of Removal with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel who are not authorized to receive electronically Notices of Electronic Filing.

                    BY: s/ James G. Salerno, Esq._____

30374275.1

## SERVICE LIST
Hollywood Beach Hotel Owners Association vs. Continental Casualty Company
Case No._____
United States District Court, Southern District of Florida

Edward L. Acle
Acle Law Firm, P.A.
2828 Coral Way, Suite 306
Miami, FL  33145
Telephone:  (305) 447-4667
Facsimile:  (305) 459-1827
Attorney for Plaintiff
Hollywood Beach Hotel Owners Association
Via U.S. Mail

30374275.1